UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGERS HICKS as Court Appointed Guardian on behalf     04-CV-0019E(Sr)
  of Rudy Hicks, and
RUDY HICKS, Individually,
           Plaintiffs,

    -vs-

J.R. JAMES, Warden, Federal Bureau of Prisons,                MEMORANDUM
  Butner, N.C.,
DR. ROBERT G. LUCKING, Psychiatrist, FBP,                            and
  Butner, N.C.,
MITCHELL SPRINKLE, Case Manager, Mental                          ORDER[1]
  Health, FBP, Butner, N.C.,
EDWARD E. LANDIS, III, Ph.D., FBP, Butner, N.C.,
JOHN DOE #1, Warden, FBP, McKean,
SUSAN BATES, ED.D., FBP McKean, and
WALTER L. RINEHART, Psychiatrist, FBP, McKean,
           Defendants.

---

Plaintiffs Rogers Hicks, as guardian of Rudy Hicks ("Hicks"), and Rudy Hicks filed this action on January 9, 2004. On December 21, 2004, Defendants filed this motion to dismiss. This motion was argued and submitted on May 20, 2005. For the reasons set forth below, Defendants' motion will be denied without prejudice and this action will be transferred to the Eastern District of North Carolina.

This is an action under *Bivens* v. *Six Unknown Agents*, 403 U.S. 388 (1971), stemming from the alleged violation of Hicks's Eighth Amendment right to treatment for serious mental illness while he was incarcerated in McKean, a federal prison in Pennsylvania, for two years.[2]

---

[1]This decision may be cited in whole or in any part.

[2]Although the Complaint also included a claim under the Federal Tort Claims Act, 28 U.S.C. §1291 ("FTCA"), Plaintiffs have since abandoned this claim.

Hicks's sentence expired on February 11, 1999, but Defendants, various personnel of the Federal Bureau of Prisons, successfully moved in the Eastern District of North Carolina to have Hicks committed by reason of mental illness. Hicks was subsequently transferred from North Carolina to the New York State Psychiatric Center in Buffalo. Plaintiffs seek $5 million for Defendants' alleged failure to treat Hicks for his mental illness while incarcerated in McKean, where he was often placed in solitary confinement due to his refusal to take his medication.

Defendants seek dismissal on the ground that, *inter alia*, Plaintiffs failed to properly serve Defendants as required by FRCvP 4(i)(2)(B). Plaintiffs responded by stating that Judge Larimer[3] purportedly authorized service in the manner that Plaintiffs purport to have effected service. Defendants also sought dismissal on the ground that this Court lacks personal jurisdiction. Although Plaintiffs argue that venue is proper, they appear to concede that this Court lacks personal jurisdiction over the Defendants. Moreover, at oral argument, the parties noted a possible statute of limitations issue inasmuch as this action was filed one day before the running of the three year statute of limitations.[4]

Plaintiffs have not even attempted to satisfy the burden of demonstrating that personal jurisdiction exists over Defendants in this district.[5] Rather, Plaintiffs ask this Court to transfer this case to another district. In order to allow Plaintiffs to have their day in court and in the interest

---

[3]The Honorable David G. Larimer of this district, who acted as the duty judge at an earlier stage of this case, granted Plaintiffs' request to proceed *in forma pauperis* in an Order dated April 30, 2004. Judge Larimer also authorized Plaintiffs to serve papers by certified mail.

[4]*See, e.g., Tapia-Ortiz* v. *Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (noting that the statute of limitations for a *Bivens* action is three years).

[5]*Bank Brussels Lambert* v. *Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

of justice, this Court will grant Plaintiffs' request to transfer this action to the Eastern District of North Carolina[6] pursuant to 28 U.S.C. §1406(a).[7] Dismissing this action would greatly prejudice Plaintiffs whereas transferring this action would not substantially burden Defendants, who remain free to renew their motion to dismiss with the transferee court.[8] Although personal jurisdiction may not lie in the Eastern District of North Carolina with respect to all defendants, that court has jurisdiction over some of the defendants — and it is a district in which a substantial part of the alleged events occurred. Consequently, venue is appropriate in the

---

[6]Defendants argued that the applicable statute of limitations in Pennsylvania is two years as opposed to the three-year statute of limitations applicable in North Carolina. Consequently, given this difference, in conjunction with the fact that the majority of Defendants live in North Carolina, this Court will transfer this action to the Eastern District of North Carolina, the district in which the federal correctional facility at Butner, N.C. is located.

[7]*See* 28 U.S.C §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Songbyrd, Inc.* v. *Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (noting that a district court that lacks personal jurisdiction may nonetheless transfer the action under either 28 U.S.C. §1404(a) or §1406(a) to a district in which personal jurisdiction lies); *Corke* v. *Sameiet M.S. Song of Norway*, 572 F.2d 77, 79-80 (2d Cir. 1978) (holding that a district court may, pursuant to either § 1404(a) or § 1406(a), transfer a case "even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in (the) district, if a transfer would be in the interest of justice"); *Michelson* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1287-1288 (S.D.N.Y. 1989) (discussing the practice in cases transferred under §1406(a) where a transferee court may require a defendant to be re-served with service of process to, *inter alia*, obviate insufficient service of process); *Mopex, Inc.* v. *Am. Stock Exchange, LLC*, 2002 WL 523417, at *3 (S.D.N.Y. 2002) (quoting *Michelson* for the proposition that a "defendant must 'be properly served under the law in the *transferee* forum'") (emphasis added).

[8]*See Burrows Paper Corp.* v. *R.G. Eng'g, Inc.*, 363 F. Supp. 2d 379, 387 (N.D.N.Y. 2005) (citing *Minette* v. *Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) for the proposition that the decision between dismissal and transfer is within the discretion of the district court). Moreover, the purpose of §1406(a) is to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Ibid.* (quoting *Goldlawr, Inc.* v. *Heiman*, 369 U.S. 463, 466 (1962)).

Eastern District of North Carolina under 28 U.S.C. §1391(b)(2)[9] and the transferee court should determine whether or not personal jurisdiction exists over the non-North Carolina defendants.

Plaintiffs' counsel, Richard L. Baumgarten, Esq., signed the Complaint in this action, despite the fact that he was not admitted to practice in this district until Chief Judge Arcara re-admitted him effective April 2, 2004. Baumgarten's Affirmation In Opposition To Defendants' Motion To Dismiss stated at its fifth page that "Plaintiffs initially commenced the instant civil rights action, *pro-se*, and without the assistance of counsel." This assertion is directly refuted by the Complaint, which bears Baumgarten's signature and which suggests that Baumgarten was practicing in this district without having been admitted. This Court finds Plaintiffs' counsel's assertion to be disingenuous. Consequently, this Court will sanction Mr. Baumgarten $350 unless he explains this discrepancy to this Court's satisfaction.

Accordingly, it is hereby **ORDERED** that Defendants' motion to dismiss is denied without prejudice, that the Clerk of this Court shall transfer this action to the Eastern District of North Carolina for further proceedings and that Richard L. Baumgarten, Esq. shall, no later than June 27, 2005, submit to this Court a letter of no more than two pages explaining the misleading statement in Plaintiffs' opposition papers or pay the Clerk of this Court $350 by July 1, 2005.

DATED:   Buffalo, N.Y.
         June 9, 2005

                                                           /s/ *John T. Elfvin*
                                                            JOHN T. ELFVIN
                                                            S.U.S.D.J.

---

[9]Section 1391(b)(2) provides in relevant part that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred *** ."